**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

KIMBERLY DOMANTAS,

                              Plaintiff,

v.

MENARD, INC.,

                             Defendant.

Case No. 1:21-cv-00232

Honorable Judge Gabriel A. Fuentes
Magistrate Judge

## PROPOSED PRE-TRIAL ORDER

This matter having come before the court at a pretrial conference held pursuant to Fed.
R. Civ. P. ("Rule") 16, and Danielle A. Pinkston of Pinkston Law Group, P.C., 54 North Ottawa
Street, Suite 110, Joliet, Illinois 60432, (773) 770-4771, having appeared as counsel for plaintiff
and W. Anthony Andrews and Joseph S. Davidson of Ottosen DiNolfo Hasenbalg & Castaldo,
Ltd., 1804 North Naper Boulevard, Suite 350, Naperville, Illinois 60563; (630) 682-0085, having
appeared as counsel for defendant, jointly submit their Final Pretrial Order.

This Order will control the course of the trial and may not be amended except by consent
of the parties, or by order of the Court to prevent manifest injustice.

     **1.**     **JURISDICTION.**  This is an action for premises liability and the jurisdiction of
the court is invoked under 28 U.S.C. § 1332(a)(1).  The parties are of diverse citizenship—The
Plaintiff is a citizen of Illinois; the Defendant is a Wisconsin corporation with its principal place
of business in Wisconsin; thus the Defendant is a citizen of Wisconsin.  The parties agree that the
amount in controversy exceeded $75,000 *at the time relevant* to jurisdictional evaluation.

     **2.**     **CASE STATEMENT.**  This case arises from an injury the Plaintiff, Kimberly
Domantas, sustained after tripping and falling at one of the Defendant, Menard, Inc.'s stores in

1

Joliet, Illinois. Ms. Domantas tripped and fell over a pole that was sticking out of a customer's cart that was located at the end of the aisle Ms. Domantas was walking down. Menard, Inc. denies it caused, or was aware of, this hazard.

Ms. Domantas is represented by Danielle A. Pinkston of Pinkston Law Group, P.C. Menard, Inc. is represented by W. Anthony Andrews and Joseph S. Davidson of Ottosen DiNolfo Hasenbalg & Castaldo, Ltd.

3. **STIPULATIONS.** The parties stipulate:

A. The plaintiff, Ms. Domantas is a citizen of Illinois.

B. The defendant, Menard, Inc. is a citizen of Wisconsin.

C. The incident occurred at the premises owned, operated and/or maintained by Menard, Inc. located at 2524 West Jefferson Street, Joliet, Illinois 60435.

D. The incident occurred on August 15, 2019.

E. Ms. Domantas incurred the following medical bills as a result of her fall on August 15, 2019:

| | |
|---|---|
| CEP America | $2,106.00 |
| Joliet Radiological Services | $776.00 |
| Hanger Prosthetics | $102.31 |
| Misc. Prescription/Basinger Pharmacy | $557.48 |
| DuPage Medical Group (incl. Dr. Michael Murphy) | $2,644.00 |
| **TOTAL** | **$6,185.79** |

F. The following summary of Dr. Michael Murphy's testimony will be read:

i. Dr. Michael Murphy is a board-certified orthopedic surgeon, currently employed by Duly Health and Care (formerly DuPage Medical Group).

ii. As a result of her fall at the Menards Joliet store on August 15, 2019, Ms. Domantas sought treatment from Dr. Murphy.

iii.      Dr. Murphy saw Ms. Domantas on the following occasions: August 21, 2019, August 28, 2019, September 4, 2019, September 20, 2019, and October 11, 2019.

iv.      Following his initial examination of Ms. Domantas, and consistently throughout his treatment of her, Dr. Murphy diagnosed Ms. Domantas with a closed nondisplaced fracture of the head of her left radius and left arm pain.

v.      Ms. Domantas suffered a closed nondisplaced fracture of the head of her left radius and left arm pain as a result of her fall on August 15, 2019 at the Menards Joliet store.

vi.      The treatment Dr. Murphy rendered Ms. Domantas between August 21, 2019 and October 11, 2019 was reasonable and necessary to treat the closed nondisplaced fracture of the left radius suffered as a result of her fall on August 15, 2019.

vii.      Non-displaced means it has not moved out of position.

viii.      No surgery was necessary to put it in alignment.

ix.      Ms. Domantas's arm was placed in a sling to keep her injured elbow from moving.

x.      The fracture healed as expected in 45-60 days—by Ms. Domantas's October 11, 2019 visit.

xi.      The injury Ms. Domantas sustained following her fall at Menards was isolated to the elbow.

3

xii.  Only the therapy for the elbow is related to Ms. Domantas's fall at Menards.

G.  Illinois law applies to Ms. Domantas's substantive claims.

H.  Stipulated issues, in lieu of contested Motions in Limine

  i.  To exclude all individuals who will or may testify at trial (except named parties) from the courtroom while the trial is in session until such witnesses have fully completed their testimony.

  ii.  To bar any reference to insurance or insurance coverage.

  iii.  To bar any evidence of settlement discussions.

  iv.  To bar any evidence of the relative wealth of the parties.

**4.**  **<u>WITNESS LIST.</u>** Included are names of witnesses who will be called to testify, witnesses who may be called to testify at trial, and witnesses whose testimony will be presented by deposition or other prior testimony.

  **A.**  **Plaintiff**

    i.  **Witnesses who *will* be called to testify at trial.**

Kimberly Domantas
207 Fisher Avenue
Rockdale, Illinois 60436

Menard, Inc. team member Sandra Guzman
2524 West Jefferson Street
Joliet, Illinois 60435

Menard, Inc. team member Tami House
2524 West Jefferson Street
Joliet, Illinois 60435

Menard, Inc. general manager
2524 West Jefferson Street
Joliet, Illinois 60435

4

Objection by Defendant – *See* ¶ 8B(i)

Menard, Inc. corporate representative
5101 Menard Drive
Eau Claire, Wisconsin 54703

Objection by Defendant – See ¶ 8B(i)

    ii.    **Witnesses who *may* be called to testify at trial.**

        None.

    iii.    **Witnesses whose testimony will be presented by deposition or other prior testimony.**

        None.  *See* ¶ 3G.

**B.**    **Defendant**

    i.    **Witnesses who *will* be called to testify at trial.**

        None.

    ii.    **Witnesses who *may* be called to testify at trial.**

        Menard, Inc. team member Sandra Guzman
        2524 West Jefferson Street
        Joliet, IL 60435

        Menard, Inc. team member Tami House
        2524 West Jefferson Street
        Joliet, IL 60435

    iii.    **Witnesses whose testimony will be presented by deposition (pp. to be determined following Plaintiff's testimony)**

        Dr. Nirali Doshi, MD
        301 Madison St., Suite 305
        Joliet, IL 60435

5.    **<u>EXHIBIT LIST</u>**.  The parties hereby designate the following as exhibits to be offered at trial.

    **A.**    **Joint Exhibits**

| Exhibit number | Date | Description |
|---|---|---|
| JX1 | 08/15/2019 | Security camera footage |
| JX2 | 08/15/2019 | In-store map |
| JX3 | 11/29/2022 | Demonstrative photographs of merchandise |
| JX4 | 11/29/2022 | Demonstrative photographs of route taken by Plaintiff |
| JX5 | TBD | Demonstrative photographs from view of Sandra Guzman |
| JX6 | 08/15/2019 | Freeze frames of security camera footage (.pdf) |

    **B.**    **Plaintiff's Exhibits**

    None

    **C.**    **Defendant's Exhibits**

| Exhibit number | Date | Description |
|---|---|---|
| DX1 | 10/29/2019 – 02/25/2020 | Records from Dr. Nirali Doshi, 43 pp. |

6. **ESTIMATE OF TRIAL TIME.** The case will be a jury trial. A realistic estimate—in number of hours—of the length of the trial is 32 to 40 hours.

7. **DAMAGES ITEMIZATION.** Ms. Domantas submits the following itemization of damages:

    A.    **Economic Damages**

        i.    **Medical Expenses:**

            a.    Emergency room charges: $2,106.00

            b.    Hospitalization costs: $ t.b.d.

            c.    Surgery fees (if applicable): $ n/a

            d.    Medication prescriptions: $557.48

      e.      Physical therapy/rehabilitation: $2,644.00

      f.      Future medical care (as estimated by medical expert): $ n/a

  ii.    **Other Out-of-Pocket Expenses:**

      a.      Medical devices (e.g., crutches, braces): $102.31

      b.      Transportation to medical appointments: $ n/a

B.    **Non-Economic Damages**

  i.    Pain and Suffering: For physical pain and emotional distress endured as a direct result of the injuries sustained from the slip and fall incident: $ t.b.d.

  ii.    Disability or Disfigurement: For any permanent physical disability or disfigurement that has resulted from the incident: $ t.b.d.

  iii.    Loss of Normal Life: For the diminished quality of life and inability to pursue the normal activities of daily living as enjoyed prior to the incident: $ t.b.d.

  iv.    Emotional Distress: For the psychological impact of the accident, including anxiety, stress and trauma: $ t.b.d.

Ms. Domantas reserves the right to amend this itemization as necessary to conform to the evidence as it may develop, including any additional medical expenses, changes in prognosis, or other damages that may become apparent through the progression of this case.

**8.**    **MOTIONS IN LIMINE.**

A.    **Plaintiff**

  i.    To bar any reference to the plaintiff's past medical history/any pre-existing conditions.

     ii.     To bar any reference to unrelated health conditions, care or treatment.

     iii.    To bar the use of photographs of the scene of the event taken after the date of the incident.

**B.**    **Defendant**

     i.     To bar plaintiff from presenting undisclosed evidence, opinions, testimony and/or witnesses—including, but not limited to Menard, Inc. general manager and Menard, Inc. corporate representative.

     ii.    To bar plaintiff herself from offering any testimony regarding diagnosis, prognosis, or medical conclusions regarding her injury or condition, including disability or accounts of what doctors told her.

**SO ORDERED.**          **ENTER:**

_____
**GABRIEL A. FUENTES**
**United States Magistrate Judge**

**Dated:**

**AGREED**

_/s/ Danielle A. Pinkston_           _/s/ W. Anthony Andrews_

Danielle A. Pinkston           W. Anthony Andrews
Pinkston Law Group, P.C.       Joseph S. Davidson
54 N. Ottawa St.           Ottosen DiNolfo Hasenbalg & Castaldo, Ltd.
Suite 110            1804 N. Naper Blvd.
Joliet, IL 60432          Suite 350
(773) 770-4771           Naperville, IL 60563
dpinkston@pinkstonlawgroup.com     (630) 682-0085
                          wandrews@ottosenlaw.com
_Attorney for Plaintiff_          jdavidson@ottosenlaw.com

                          _Attorneys for Defendant_