IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY DOMANTAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 21 C 232 |
| v. | ) | |
| | ) | Magistrate Judge Gabriel A. Fuentes |
| MENARD, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

In preparation for a jury trial set for May 13, 2024, the parties submitted a proposed pretrial order on February 23, 2024 (D.E. 115), which included three motions in limine from Plaintiff and two motions in limine from Defendant. We resolve all of these except for one of the defense motions, on which we ask for additional submissions. Nothing in this order should be construed as conveying a decision on any other part of the proposed pre-trial order; all other disputed issues will be addressed during the final pre-trial conference.

I.  **Legal Standard**

Trial courts have broad discretion in ruling on evidentiary issues before and during trial. *See Bridgeview Health Care Ctr., Ltd. v. Clark*, 816 F.3d 935, 939 (7th Cir. 2016). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). In ruling today, we wish to emphasize that our decisions are preliminary and may be altered both up to and during trial, as the case unfolds and the course and context of the litigation demands. *Perry v. City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013) ("As a trial progresses, the presiding judge remains free to alter earlier rulings.") That is, "a pre-trial

ruling denying a motion *in limine* does not automatically mean that all evidence contested in the motion will be admitted at trial." *Bruce v. City of Chi.*, No. 09 CV 4837, 2011 WL 3471074, at *1 (N.D. Ill. July 29, 2011). In the meantime, this Court makes the following rulings so that the parties can plan ahead and prepare for trial accordingly.

In making our rulings, we note that the parties submitted their motions in limine without any discussion or argument, and our decisions here recognize that such arguments may be forthcoming as needed at trial, against the backdrop of the developing factual context during trial.

**II.   Motions**

    **A. Plaintiff's Motions in Limine**

        **i. To bar any reference to the plaintiff's past medical history/any preexisting conditions.**

This motion is denied without prejudice. As the trial unfolds, Plaintiff will have the opportunity to argue against the admissibility of evidence or reference to her past medical history as introduced by Defendant, and to further object to any individual question or piece of evidence as irrelevant, unfairly prejudicial, or perhaps lacking in foundation. The Court will be in a better position to rule on this motion when it can do so with knowledge and understanding of the context in which it is offered, and in particular, information about which specific conditions Defendant should be barred from discussing at trial and what factual connections such conditions may have to the claims and defenses in the case. *Narsimhan v. Lowe's Home Centers, LLC*, No. 19 CV 1255, 2022 WL 580800, at *5–6 (N.D. Ill. Feb. 25, 2022). To that end, before Defendant offers evidence or embarks on cross-examination about Plaintiff's past medical history, it must inform the court and Plaintiff in a sidebar conversation, which will allow Plaintiff to argue against admissibility out of the hearing of the jury.

### ii. To bar any reference to unrelated health conditions, care or treatment.

This motion is denied without prejudice, for the same reasons. As an initial matter, the Court is uncertain what medical conditions Plaintiff considers "unrelated" to her claim for damages. A sidebar is kindly directed before Defendant offers evidence or embarks on cross about these other purportedly unrelated health conditions, care or treatment.

### iii. To bar the use of photographs of the scene of the event taken after the date of the incident.

This motion is denied without prejudice. As the trial unfolds, Plaintiff will have the opportunity to argue against the admissibility of photographs of the scene taken after the date of the incident and in particular to argue that Defendant failed to lay a proper foundation or that the photos are somehow not relevant or inadmissible under Federal Rule of Evidence 403. A sidebar again is directed before Defendant attempts to allow the jury to see or hear this evidence.

**B. Defendant's Motions in Limine**

### i. To bar plaintiff from presenting undisclosed evidence, opinions, testimony and/or witnesses—including, but not limited to Menard, Inc. general manager and Menard, Inc. corporate representative.

This motion is entered and continued because the Court is unable to rule on it without additional information and argument from the parties. By noon on Friday, March 15, 2024, the parties are ordered to submit a joint statement setting forth brief statements of Plaintiff's and Defendant's position on why Plaintiff should be barred from presenting undisclosed evidence and what kind of undisclosed evidence is truly feared here by Defendant. The Court appreciates that expert opinions are limited by expert disclosures, but the Court is concerned that without knowing more about what kind of opinions or testimony Defendant wishes to bar, a grant of this motion might be too broad and might improperly limit Plaintiff's ability to offer certain lay testimony about, for example, her injuries or her condition. To the extent Defendant seeks to bar testimony

3

from witnesses not disclosed in discovery, the Court needs to know whether Plaintiff intends to offer evidence through those witnesses, what that evidence is, why those witnesses were not disclosed, and why the parties contend that there is or is not prejudice from admission of this evidence at trial under all the circumstances.

> **ii. To bar plaintiff herself from offering any testimony regarding diagnosis, prognosis, or medical conclusions regarding her injury or condition, including disability or accounts of what doctors told her.**

This motion is denied without prejudice. As the trial unfolds, Defendant will have the opportunity to argue against the admissibility of evidence or reference to Plaintiff's testimony regarding her diagnosis, prognosis, or medical and to further object to any individual question or piece of evidence based on lack of foundation or other grounds. The Court will be in a better position to rule on this motion when it can do so with knowledge and understanding of the context in which it is offered. *Brama v. Target Corp.*, No. 14 CV 6098, 2019 WL 5536835, at *5 (N.D. Ill. Oct. 25, 2019) (denying motion in limine unless and until lay witness offers inadmissible medical expert opinion or hearsay testimony.) Plaintiff is directed to raise at sidebar the issue of whether such evidence is about to be offered, so that Defendant will have a chance to object.

### III. Conclusion

For the above reasons, Plaintiff's motions in limine 1-3 are denied without prejudice. Defendant's first motion in limine is entered and continued until after the parties submit a joint statement summarizing their arguments about the motion should be granted or denied, and Defendant's second motion in limine is denied without prejudice.

**SO ORDERED.**

                                                **ENTER:**

                                                **GABRIEL A. FUENTES**
                                                **United States Magistrate Judge**

**DATED: March 11, 2024**