IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY DOMANTAS, | |
| Plaintiff, | Case No. 1:21-cv-00232 |
| v. | Honorable Gabriel A. Fuentes |
| MENARD, INC., | Magistrate Judge |
| Defendant. | |

**JOINT SUBMISSION WITH RESPECT TO
DEFENDANT'S FIRST MOTION IN LIMINE**

Plaintiff, KIMBERLY DOMANTAS ("Plaintiff"), and Defendant, MENARD, INC. ("Defendant"), by and through its undersigned counsel, make this submission consistent with the Court's order of March 11, 2024 [Doc # 116] directing the parties to submit arguments with respect to Defendant's first motion in limine.

**I.    Plaintiff:**

I. The Change in Legal Representation Constitutes Good Cause for the Amendment of Initial Disclosures

The Plaintiff's change in legal representation constitutes a significant material change in circumstances, warranting reconsideration of the initial disclosure requirements. The new counsel, upon taking over the case, undertook a diligent review of the file and identified additional evidence and witnesses crucial to the Plaintiff's case, including the testimony of Menard, Inc.'s general manager and corporate representative.

II. Allowing the Amendment of Disclosures Serves the Interests of Justice

Precluding the Plaintiff from presenting key evidence and testimony would unduly prejudice the Plaintiff's ability to pursue their claim effectively. The interests of justice require that each party have the opportunity to present their case fully and fairly, which includes the ability to introduce evidence and testimony that may have been inadvertently omitted during initial disclosures by previous counsel.

III. The Defendant Will Not Be Unduly Prejudiced by the Late Disclosure

Any potential prejudice to the Defendant can be mitigated through measures short of barring the evidence and witnesses in question. These may include allowing the Defendant additional time for discovery, depositions of the newly disclosed witnesses, and/or the provision of supplemental expert reports, as appropriate.

IV. The Requested Relief is Proportionate to the Needs of the Case

The Federal Rules of Civil Procedure emphasize the importance of securing the just, speedy, and inexpensive determination of every action and proceeding. Allowing the Plaintiff to amend their disclosures to include critical evidence and testimony is consistent with these principles and ensures that the case will be decided on its merits rather than on procedural technicalities.

CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant Menard, Inc.'s Motion to Bar Undisclosed Evidence, Opinions, Testimony, and/or Witnesses. Instead, the Court should permit the Plaintiff to amend their initial disclosures to include the necessary evidence and witnesses to ensure a fair trial on the merits of the case.

**II.     Defendant:**

Plaintiff made initial Rule 26(a)(1) disclosures—identifying Menards® cashiers, Sandra Guzman, Tami House and front-end manager, Charisse Noftz.  Plaintiff answered Defendant's interrogatories and did not disclose any additional witnesses.  On August 16, 2021, Plaintiff deposed Ms. Guzman and Ms. House.  On February 23, 2024—*2 years, 6 months, and 7 days later*—Plaintiff identified two new witnesses: (1) Menard, Inc. general manager and (2) Menard, Inc. corporate representative as "witnesses who will be called to testify at trial" *in the proposed Pretrial Order* [Doc # 115].

The applicable law here is familiar and clear. Federal Rule of Civil Procedure 26(e) requires a party, in relevant part, to supplement his Rule 26(a)(1) disclosure "in a timely manner if the party learns that in some material respect the disclosure ... is incomplete or incorrect." Fed. R. Civ. P. 26(e).  Rule 37(c)(1) says, again in relevant part, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence ... at trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).  Plaintiff could and should have disclosed them as witnesses "likely to have discoverable information … that the disclosing party may use to support his claims or defenses" within the meaning of Rule 26(a)(1) well before she did so, and particularly if she expected them to testify at trial.

Application of the law to the facts of this case yields the firm conclusion that Plaintiff's late witness disclosures are untimely, they are not substantially justified nor harmless, and must be stricken pursuant to Rule 37(c)(1)(C).  For those reasons, Defendant respectfully requests the Court grant Defendant's first motion in limine.

3

DATED: March 15, 2024                                   Respectfully submitted,

**KIMBERLY DOMANTAS**                                   **MENARD, INC.**

By: */s/*                                               By: */s/ Joseph S. Davidson*

Danielle A. Pinkston                                    W. Anthony Andrews
Pinkston Law Group, P.C.                                John E. Motylinski
54 N. Ottawa St.                                        Joseph S. Davidson
Suite 110                                               Ottosen DiNolfo Hasenbalg & Castaldo, Ltd.
Joliet, IL 60432                                        1804 N. Naper Blvd.
(773) 770-4771                                          Suite 350
dpinkston@pinkstonlawgroup.com                          Naperville, IL 60563
                                                        (630) 682-0085
                                                        wandrews@ottosenlaw.com
                                                        jmotylinski@ottosenlaw.com
                                                        jdavidson@ottosenlaw.com