IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY DOMANTAS, | |
| Plaintiff, | Case No. 1:21-cv-00232 |
| v. | Honorable Gabriel A. Fuentes |
| MENARD, INC., | Magistrate Judge |
| Defendant. | |

**DEFENDANT, MENARD, INC.'S RENEWED
MOTION FOR JUDGMENT AS A MATTER OF LAW**

NOW COMES Defendant, MENARD, INC., by and through its undersigned attorneys, and for its Renewed Motion for Judgment as a Matter of Law, pursuant to Fed. R. Civ. P. 50(b), states as follows:

**INTRODUCTION**

If a "party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for a party on that issue," then the party's opponent is entitled to judgment as a matter of law. Fed. R. Civ. P. 50(a). Stated another way, judgment as a matter of law is appropriate where a plaintiff has not presented enough evidence to allow a rational jury to find in his favor. M*assey v. Blue Cross - Blue Shield of Illinois*, 226 F.3d 922, 925 (7th Cir. 2000); see also *Filipovich v. K&R Express Sys., Inc*., 391 F.3d 859, 863 (7th Cir. 2004).[1] In this case, Plaintiff did not present any evidence for the Jury to find in her favor that Defendant knew or in the exercise of ordinary care should have known of the condition and the risk posed by the long, skinny pole that was sticking out of a customer's cart that

---

[1] The *Massey* court recognized that the standard for JMOL is fundamentally the same as the standard for summary judgment. *Massey*. 226 F.3d at 924.

1

was located at the endcap to the aisle Plaintiff was walking down. As demonstrated below, Defendant is entitled to judgment as a matter of law on Plaintiff's claim.

## LEGAL STANDARD

Rule 50 of the Federal Rules of Civil Procedure allows a district court to enter judgment against a party who has been fully heard on an issue during a jury trial if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a) (motion for judgment as a matter of law), (b) (renewed motion for judgment as a matter of law). In deciding a Rule 50 motion, the court construes the evidence strictly in favor of the party who prevailed before the jury and examines the evidence only to determine whether the jury's verdict could reasonably be based on that evidence. *See Tart v. Illinois Power Co.*, 366 F.3d 461, 464 (7th Cir.2004), citing *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150–51, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). The court does not make credibility determinations or weigh the evidence. *See Waite v. Board of Trustees of Illinois Comm. College Dist. No. 508*, 408 F.3d 339, 343 (7th Cir.2005), citing *Reeves*, 530 U.S. at 150, 120 S.Ct. 2097. Although the court reviews the entire record, the court "must disregard all evidence favorable to the moving party that the jury [was] not required to believe." *Reeves*, 530 U.S. at 151, 120 S.Ct. 2097.

Rule 50(b) states in relevant part:

> If the court does not grant a motion for judgment as a matter of law under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment—or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged—the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59.

2

**ARGUMENT**

At the close of Plaintiff's case, the defense orally moved under Rule 50(a) for judgment as a matter of law. That motion was denied.

Under Illinois law, property owners owe to their invitees a duty to maintain the premises in a reasonably safe condition. *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017); *Piotrowski v. Menard, Inc.*, 842 F.3d 1035, 1038 (7th Cir. 2016). In a premises liability action, a plaintiff has the burden of proving: (1) the existence of a condition that presents an unreasonable risk of harm to persons on the premises; (2) that the defendants knew, or should have known, that the condition posed an unreasonable risk of harm; (3) that the defendants should have anticipated that individuals on the premises would fail to discover or recognize the danger or otherwise fail to protect themselves against it; (4) a negligent act or omission on the part of the defendant; (5) an injury suffered by the plaintiff; and (6) that the condition of the property was a proximate cause of the injury to the plaintiff. *Parker*, 845 F.3d at 811. Absent the landowner's actual or constructive knowledge of dangerous or defective conditions on the premises, there is no premises liability. *Hanna v. Creative Designers, Inc.*, 407 Ill. Dec. 604, 63 N.E.3d 1036, 1046 (1st Dist. 2016); *Tomczak v. Planetsphere, Inc.*, 315 Ill.App.3d 1033, 1038, 249 Ill. Dec. 58, 735 N.E.2d 662, 666 (1st Dist. 2000).

Here, there is nothing to suggest that Defendant had any knowledge, actual or constructive, of the long, skinny pole that was sticking out of a customer's cart. Defendant's employees Tami House and Sandra Guzman were working inside the store when Plaintiff tripped and fell. House did not see the cart before Plaintiff fell. Guzman testified that she had seen a customer leave the cart at the end cap to go somewhere else in the store. However, Guzman testified that she did not see, and could not have seen the pole protruding from the cart before Plaintiff's fall. To impose

3

liability on Defendant for Plaintiff's injury, Plaintiff must—*but did not*—show that Defendant had actual or constructive notice of the pole protruding from the customer's cart. The record is devoid of any evidence that Defendant knew, or should have known, of the pole protruding from the cart or that it would cause Plaintiff to trip and fall. Accordingly, Plaintiff cannot recover against Defendant, and the Court should enter judgment as a matter of law. *See Reid v. Kohl's Dept. Stores, Inc.*, 545 F.3d 479, 481 (7th Cir. 2008).

## CONCLUSION

A storekeeper is not the insurer of his customer's safety. Liability must be founded on fault, and where, as here, there is no evidence, direct or inferential, of negligence by Defendant in the maintenance of the store premises, liability may not be imposed.

For all of the foregoing reasons, Defendant respectfully requests that this Honorable Court enter judgment in their favor as a matter of law pursuant to Fed. R. Civ. P. 50(b), and that the Court grant such further and additional relief as it deems just and proper.

DATED: June 12, 2024

Respectfully submitted,

**MENARD, INC.**

By: */s/ Joseph S. Davidson*

W. Anthony Andrews
Joseph S. Davidson
Ottosen DiNolfo Hasenbalg & Castaldo, Ltd.
1804 N. Naper Blvd.
Suite 350
Naperville, IL 60563
(630) 682-0085
wandrews@ottosenlaw.com
jdavidson@ottosenlaw.com