IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY DOMANTAS, | |
| Plaintiff, | Case No. 1:21-cv-00232 |
| v. | Honorable Judge Gabriel A. Fuentes |
| MENARD, INC., | Magistrate Judge |
| Defendant. | |

**DEFENDANT, MENARD, INC.'S MOTION
FOR A NEW TRIAL AND/OR FOR REMITTITUR**

NOW COMES Defendant, MENARD, INC., by and through its undersigned attorneys, and for its Motion for a New Trial and/or Remittitur, pursuant to Fed. R. Civ. P. 59, states as follows:

### INTRODUCTION

The Court should grant Menard a new trial. Respectfully, the Court erred in allowing the entirety of Plaintiff Kimberly Domantas' medical records to accompany the jury in its deliberations. The information contained in these records—most of which was unrelated to Domantas' accident at Menard's retail store—were highly prejudicial to Menard and unfairly swayed the jury in rendering its verdict. For this reason, the Court should vacate the jury's verdict and allow Menard a new trial where the jury is not given these records. Alternatively, Menard is entitled to a remittitur because there is no rational connection between the jury's award and the evidence.

### LEGAL STANDARD

Federal Rule of Civil Procedure 59(a) provides that:

> The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows:

1

> (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or
>
> (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

Rule 59 "enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). To establish that it is entitled to a new trial, a party must establish that the verdict rendered is against the manifest weight of the evidence, the damages are excessive, or that, for other reasons, the trial was not fair to the moving party. *Tapia v. City of Greenwood*, 965 F.3d 336, 338 (7th Cir. 1992).

## ARGUMENT

### I. DOMANTAS' MEDICAL RECORDS SHOULD NOT HAVE BEEN PUBLISHED TO THE JURY

Generally, jurors are entitled to examine exhibits that are properly admitted into evidence. *United States v. Loughry*, 738 F.3d 166, 170 (7th Cir. 2013). However, the Court should not send to the jury room exhibits that neither party has relied on, that have no relevance to any of the issues central to the case, or that are cumulative, prejudicial, confusing, or misleading. *United States v. Adame*, 827 F.3d 637, 648 (7th Cir.), cert. denied, 137 S. Ct. 407 (2016) (quoting *Deicher v. City of Evansville, Wis.*, 545 F.3d 537, 542 (7th Cir. 2008)). This is true with medical records. *See Malanowski v. Jabamoni*, 332 Ill. App. 3d 8, 14 (2002); *Gossard v. Kalra*, 291 Ill. App. 3d 180, 184 (1997).

In this case, the parties stipulated that Domantas' injury was isolated to her elbow. (Dkt. # 136, p. 4). During the trial, the Court admitted Exhibit DXA into evidence. (Ex. 1). It contains 38 pages of medical records from Domantas' treater, Dr. Nirali Doshi. Although only *one page* was relevant to this case, the Court—over Menard's objection—sent the entirety of Exhibit DXA back

to the jury room during deliberations. This caused significant prejudice to Menard and unfairly swayed the course of the jury's deliberations. Indeed, the records described:

- Domantas' November 4, 2019, *lumbar* injection (Ex. 1, p. 10);
- Domantas' chronic neck and low back pain. (Ex. 1, p. 11, 26);
- Domantas' prescription for bupropion (an antidepressant), cyclobenzaprine (a muscle relaxant) and nabumetone (an anti-inflammatory drug) (Ex. 1, p. 13, 19);
- Domantas' operation for her lumbosacral spondylosis (Ex. 1, p. 15); and
- Domantas' past medical history for depression, osteoarthritis, and carpal tunnel (Ex. 1, p. 19).

However, Exhibit DXA was only introduced for a documented interaction between Domantas and Dr. Doshi's office. (Ex. 1, p. 42). There, Domantas asked Dr. Doshi to *alter* her medical records. *Id.* Menard used this at trial to undercut Domantas' credibility. It did not rely on any of the other records.

Despite that, the Court allowed the entirety of this exhibit to go back with the jury during deliberations. This was in error, as neither party relied on the other pages, they had no relevance to any of the issues central to the case (as confirmed by the parties' stipulations), and were prejudicial, confusing, and misleading. *See Adame*, 827 F.3d at 648. A new trial is thus appropriate so that a jury may hear the evidence without the inflammatory influence of Domantas' extraneous medical records.

**II. ALTERNATIVELY, MENARD IS ENTITLED TO A REMITTITUR**

The jury awarded a $114,000 verdict. (Dkt. # 143). However, the evidence adduced at trial does not support such a sum. Accordingly, Menard is entitled to a remittitur.

Under Illinois law, an award of damages "will be deemed excessive if it falls outside the range of fair and reasonable compensation or results from passion or prejudice, or if it is so large that it shocks the judicial conscience." *Best v. Taylor Mach. Works, et al.*, 179 Ill. 2d 367, 412 (1997). Indeed, an award must fall within the "flexible range of conclusions which can reasonably

3

be supported by the facts . . . ." *Id.* The evidence must therefore show a basis for the computation of damages with a fair degree of probability.[1] *Medcom Holding Co. v. Baxter Travenol Lab'ys, Inc*., 106 F.3d 1388, 1398 (7th Cir. 1997). Remittitur should be considered on a case-by-case basis, since the evidence and circumstances supporting verdicts must be carefully examined before a jury's assessment of damages is reduced. *Best*, 179 Ill. 2d at 413.

Here, the jury's verdict was plainly irrational. The parties stipulated that Domantas' medical bills were only $6,185.79. (Dkt. # 136, p. 2). Domantas did not offer any medical bills into evidence. *Id.* Moreover, Domantas' injury (a closed nondisplaced left elbow fracture) healed as expected within 45-60 days. *Id.* She only had a cast on for one day. Domantas did not testify that this event was especially painful. She was not working and did not pursue lost wages. The most she said was that she 'couldn't look at her elbows the same.' There was no evidence of future medical treatment allowed into evidence. The jury's verdict is therefore untethered from the record. Remittitur is appropriate.

**CONCLUSION**

---

[1] Because this Court sits in diversity, Illinois law applies to whether Menard is entitled to remittitur. *Medcom Holding Co. v. Baxter Travenol Labs., Inc*., 106 F.3d 1388, 1397 (7th Cir.1997).

4

For the reasons stated above, the Court should vacate the jury's verdict and grant Menard a new trial. In the alternative, the Court should grant Menard a remittitur.

DATED: June 12, 2024								Respectfully submitted,

**MENARD, INC.**

By: /s/ *Joseph S. Davidson*

W. Anthony Andrews  
Joseph S. Davidson  
Ottosen DiNolfo Hasenbalg & Castaldo, Ltd.  
1804 N. Naper Blvd.  
Suite 350  
Naperville, IL 60563  
(630) 682-0085  
wandrews@ottosenlaw.com  
jdavidson@ottosenlaw.com