IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY DOMANTAS,<br><br>         Plaintiff,<br><br>v.<br><br>MENARD, INC.,<br><br>         Defendant. | Case No. 1:21-cv-00232<br><br>Honorable Judge Gabriel A. Fuentes<br>Magistrate Judge |

**DEFENDANT'S CORRECTED BRIEF IN REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

  NOW COMES Defendant, MENARD, INC., by and through its undersigned counsel, and for its brief in reply to Plaintiff's Response to Defendant's Renewed Motion for Judgment as a Matter of Law, states as follows:

**INTRODUCTION**

  Defendant's argument is simple: Plaintiff failed to adduce any evidence which would give rise to a logical inference that Defendant had any knowledge, actual or constructive, *of the long, skinny pole that was sticking out of a customer's cart*. Plaintiff must establish what facts in the record give rise to a logical inference to support one of the two possible ways of establishing a premises liability case against Defendant. Careful scrutiny of Plaintiff's arguments demonstrate that none of the evidence submitted at trial gave rise to an inference that it was more likely than not that Defendant had any knowledge, actual or constructive, *of the long skinny pole that was sticking out of a customer's cart*. This case should not have been submitted to the jury. Defendant is entitled to judgment as a matter of law.

1

**ARGUMENT**

To establish a prima facie case of premises liability against a defendant for a trip on a foreign substance, a plaintiff bears the burden of proving either (1) that the foreign substance was placed there by the negligence of the defendant, or (2) that the defendant knew of its presence or the substance was there a sufficient length of time so that in the exercise of ordinary care it should have been discovered. *Donoho v. O'Connell's, Inc*., 13 Ill.2d 113, 118 (1958). Plaintiff failed to present sufficient evidence to establish either theory, and therefore failed to make a prima facie case for premises liability. Therefore, the Court should rule that, as a matter of law, Defendant is not liable to Plaintiff.

**I.        Plaintiff failed to present any evidence showing actual or constructive notice.**

Plaintiff must—but has not—prove that Menard had actual or constructive notice of the presence *of the long, skinny pole that was sticking out of a customer's cart*. There was no direct evidence that Defendant knew of its existence. Tami House did not see the rail cart (much less long, skinny pole that was sticking out of it). (28: 15-17; 68: 7-9; 22-25). No customers informed Ms. House of the cart. (68: 10-12). While Sandra Guzman testified that she had seen a customer leave the cart at the end cap to go somewhere else in the store (77: 24-25, 78: 1-2), she did not see (and could not have seen) *the long, skinny pole that was sticking out of a customer's cart.* (95: 8-13, 201: 7-12). Accordingly, Plaintiff cannot prevail under an actual notice theory.

As a matter of law, Plaintiff failed to present any legally sufficient evidence to support a theory of constructive notice. When a case is based on constructive notice, a plaintiff must present evidence that the hazard was there a sufficient length of time that, in the exercise of ordinary care, its presence should have been discovered. *Hayes v. Bailey*, 80 Ill.App.3d 1027, 1030 (3rd Dist. 1980). In the present case, the evidence suggests that the risk posed by the long, skinny pole that

was sticking out of a customer's cart was present *at most ten minutes* prior to Plaintiff's fall. Illinois law is clear; ten minutes is insufficient to charge Defendant with constructive notice. *See Hresil v. Sears, Roebuck & Co.*, 82 Ill.App.3d 1000, 1002 (1st Dist. 1980); *see also Zuppardi v. Wal-Mart Store, Inc.*, 770 F.3d 644, 651-52 ("Zuppardi has presented no circumstances in this case that would allow a reasonable person to conclude that a few minutes was enough time to give Wal-Mart constructive notice of the puddle. Although there is no bright-line rule designating the requisite time to establish constructive notice, periods in excess of ten minutes have failed the test."); *Reid v. Kohl's Dep't Stores, Inc.*, 545 F.3d 479, 481-83 (7th Cir. 2008) (holding that "ten minutes was not enough to give Kohl's constructive notice" of a spill in an aisle).

Indeed, the Illinois Court of Appeals has specifically addressed the issue of constructive notice in a case directly on point involving a foreign substance on the floor of a self-service store, and found that ten (10) minutes was an insufficient period of time to give constructive notice. *Id.* In *Hresil*, the plaintiff fell on the floor of the women's department of a Sears outlet store where she was shopping. *Hresil*, 82 Ill.App.3d at 1001. The plaintiff asserted that ten minutes was sufficient time to charge Sears with constructive notice of the foreign substance. *Id*. at 1002. In holding that ten minutes was an insufficient period of time to give constructive notice to the operator of this self-service store of the presence of the foreign substance, the court considered numerous factors, including the fact that the accident occurred at a time when the store was not busy and no other customer or employee was in the vicinity of the foreign substance. *Id*. The Court concluded that a different result would impose an unreasonable requirement that a retail store such a Sears follow a regime of constant inspection. *Id*. at 1002–03.

This case is nearly identical *Hresil*. The evidence showed that ten minutes was the outside limit of how long the cart was present. Like Sears, Menard's stores are also self-service retail

establishments with cashiers located at the exit and salespersons present. As in *Hresil*, Plaintiff's accident occurred at a time when customer traffic was steady. (61: 25, 62: 1-2). To charge Defendant with constructive notice of the presence of the long, skinny pole that was sticking out of a customer's cart under these circumstances would place upon the store the unfair requirement of constant patrolling of its aisles.

To impose liability on Defendant for Plaintiff's injury, Plaintiff must—but did not—show that Defendant had actual or constructive notice of the presence *of the long, skinny pole that was sticking out of a customer's cart*. The record is devoid of any evidence that Defendant knew, or should have known, of the pole protruding from the cart or that it would cause Plaintiff to trip and fall. Accordingly, Plaintiff cannot recover against Defendant, and the Court should enter judgment as a matter of law. *See Reid*, 545 F.3d at 481.

## CONCLUSION

After reviewing the evidence in the aspect most favorable to Plaintiff, the only conclusion that can be drawn is that he evidence so overwhelmingly favors Defendant that the jury's contrary verdict cannot stand. For the foregoing reasons, this Court should grant Defendant's motion for judgment as a matter of law.

DATED: August 26, 2024　　　　　　　　　　Respectfully submitted,

**MENARD, INC.**

By: */s/ Joseph S. Davidson*

W. Anthony Andrews  
Joseph S. Davidson  
Ottosen DiNolfo Hasenbalg & Castaldo, Ltd.  
1804 N. Naper Blvd.  
Suite 350  
Naperville, IL 60563  
(630) 682-0085  
wandrews@ottosenlaw.com

jdavidson@ottosenlaw.com