IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY DOMANTAS,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>MENARD, INC.,<br><br>　　　　　　　Defendant. | Case No. 1:21-cv-00232<br><br>Honorable Judge Gabriel A. Fuentes<br>Magistrate Judge |

**DEFENDANT'S REPLY IN FAVOR OF ITS MOTION FOR
A NEW TRIAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59
AND/OR FOR REMITTITUR**

NOW COMES Defendant, MENARD, INC., by and through its undersigned counsel, and, for its Reply in Favor of its Motion for a New Trial Pursuant to Federal Rule of Civil Procedure 59 and/or Remittitur, states as follows:

**INTRODUCTION**

Plaintiff Kimberly Domantas' response confirms the Court should grant Menard a new trial. Domantas' arguments to the contrary are meritless. That Menard entered Plaintiff's medical records into evidence makes no difference; it is improper to provide the jury with exhibits that neither party has relied on, that have no relevance to any of the issues central to the case, or that are cumulative, prejudicial, confusing, or misleading. *United States v. Adame*, 827 F.3d 637, 648 (7th Cir. 2016). Moreover, there is manifest prejudice to Menard. The jury was allowed to consider parts of Domantas' medical history that had zero relationship to this case. As such, the jury's calculus in rendering its verdict is irretrievably tainted. The Court should therefore vacate the jury's verdict and allow Menard a new trial where Domantas' medical records are not given to the jury.

1

In the alternative, Domantas has failed to defend against remittitur. The jury's award of $114,000 *is* excessive in the context of this case. Domantas has not shown otherwise. Rather, she applies inapplicable *Federal* standards, instead of Illinois law. Therefore, remittitur is appropriate.

## ARGUMENT

**I.  DOMANTAS' MEDICAL RECORDS SHOULD NOT HAVE BEEN PUBLISHED TO THE JURY**

The gist of Domantas' marquee argument against new trial is that, because Domantas' medical records were entered into evidence at Menard's instance, they were appropriate to show the jury. She is wrong.

As Menard pointed out before, jurors are generally entitled to examine exhibits that are properly admitted into evidence. *United States v. Loughry*, 738 F.3d 166, 170 (7th Cir. 2013). *However*, the Court should not send to the jury room exhibits that neither party has relied on, that have no relevance to any of the issues central to the case, or that are cumulative, prejudicial, confusing, or misleading.[1] *United States v. Adame*, 827 F.3d 637, 648 (7th Cir. 2016), cert. denied, 137 S. Ct. 407 (2016) (quoting *Deicher v. City of Evansville, Wis.*, 545 F.3d 537, 542 (7th Cir. 2008)); *see also Malanowski v. Jabamoni*, 332 Ill. App. 3d 8, 14 (2002); *Gossard v. Kalra*, 291 Ill. App. 3d 180, 184 (1997). This assumes that exhibits have already been admitted into evidence. *Id.* So, it makes no difference at whose instance the records were placed into evidence—even admitted records should not be provided to the jury in those cases. *Id.* Domantas is therefore incorrect that Menard's introduction of her medical records into evidence is dispositive.

---

[1] Domantas claims this premise is "false," but offers no support for that contention. (Dkt. # 163, p. 17). Nor could she, since the *Adame* panel expressly stated: "Generally, the district court is well within its discretion to allow properly admitted evidence to go back into jury deliberations; but it should prohibit exhibits that neither party has relied on, that have no relevance to any of the issues central to the case, or that are cumulative, prejudicial, confusing, or misleading." *United States v. Adame*, 827 F.3d 637, 648 (7th Cir. 2016).

Nor are Domantas' remaining arguments availing. She does not disagree that Menard's Exhibit DXA (containing her medical records) was only *partially* related to the issues presented in this case. Domantas stipulated that her injury was isolated to her elbow. (Dkt. # 136, p. 4). Exhibit DXA contained 38 pages of medical records from Domantas' treater, Dr. Nirali Doshi. But, only *one page* was relevant to this case—the one showing that Domantas tried to cajole her treaters into modifying her records. (Ex. 1, p. 42). The rest of the 38 pages contained irrelevant and highly prejudicial information, concerning Domantas' (1) lumbar injection; (2) chronic neck and low back pain; (3) multiple prescriptions; (4) operation for lumbosacral spondylosis; and (5) past medical history for depression, osteoarthritis, and carpal tunnel. (Ex. 1, p. 10–11, 13, 15, 19, 26). Domantas does not dispute that neither party relied on these pages—nor could she, since the parties stipulated that she only suffered an elbow injury vis-à-vis her Menard event. Thus, allowing the jury to mistakenly digest Domantas' medical data resulted in prejudice to Menard. *See Adame*, 827 F.3d at 648.

Domantas is also wrong that the entirety of her medical records were needed for the jury to appreciate Menard's accusation that she tried to commit fraud. The *one page* Menard advanced against Domantas was self-contained and explanatory. According to that page, Domantas called asking if her treater "can change the note to say that she fell at Menards while shopping (not working)" and "if it can state that 'the bottom part of her back is worse.'" (Ex. 1, p. 42). No further context is necessary—she was caught red-handed trying to change a medical record to point the finger at Menard.

Even if it were, the *entirety* of Domantas' medical records still should not have been sent back to the jury. The notes Domantas attempted to have changed corresponded to services rendered on October 28, 2019, and November 20, 2019. *Id.* And yet, Exhibit DXA *also* contained treatment

3

records from November 22, 2019, January 6, 2020, and February 25, 2020. (Ex. 1, p. 18–43). These contained an operative report, which surely would have caught the jury's eye. These records, at minimum, should not have gone to the jury.

For the reasons stated above, a new trial is needed so that a jury can hear the evidence without the inflammatory influence of Domantas' irrelevant medical records.

## II.   DOMANTAS' CONTENTIONS CONCERNING RULE 403 ARE OFF POINT

Rather than engage with the rule reiterated in *Adame* that evidence should not be *published* under circumstances akin to this case, Domantas erroneously treats Federal Rule of Evidence 403 at length. However, Rule 403 is irrelevant here.

Rule 403 controls whether materials can be excluded from evidence—even if they are relevant—because their probative value is substantially outweighed by the risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. FED. R. EVID. 403. Clearly, Rule 403 does not apply here, since it governs whether information comes into evidence in the first place—not whether already-admitted evidence should be shown to the jury.

Domantas' confusion appears to stem from *Adame*, which involved a very different scenario. There, the criminal defendant argued that the District Court erred in allowing a cell phone video to go back to the jury room because it purportedly violated Rule 403. *Id.* at 648. In the defendant's view, the video contained a statement that was relevant, albeit taken out of context. *Id.* at 648. The Seventh Circuit thus engaged with Rule 403's analysis and found that the video was properly admitted into evidence and there was no reason not to show it to the jury. *Id.* Here, on the other hand, Domantas' medical records fall squarely in the categories of already-admitted evidence that should not be shown to the jury: that which (1) no party has relied on; (2) has no relevance to

4

any of the issues central to the case; or (3) is cumulative, prejudicial, confusing, or misleading. *Id.* Thus, the Court should ignore Domantas' contentions concerning Rule 403.

**III.   ALTERNATIVELY, MENARD IS ENTITLED TO REMITTITUR**

Nor can Domantas defend against remittitur in the alternative. Here, the jury awarded a $114,000 verdict, but the evidence adduced at trial does not support that. Menard is thus entitled to remittitur, since the jury's verdict is excessive given this record.

As a threshold matter, Domantas inappropriately mixes and matches remittitur precedent from *Federal* law—which does not apply—and Illinois law, which does. *See Hakim v. Safariland, LLC*, 79 F.4th 861, 873 (7th Cir. 2023). For instance, Domantas cites *Farfaras v. Citizens Back and Trust of Chicago*, 433 F.3d 558 (7th Cir. 2006), but that panel applied Federal law since it arose under Title VII of the Civil Rights Act of 1964. Similarly, *American National Bank & Trust Company of Chicago v. Regional Transportation Authority*, 125 F.3d 420 (7th Cir. 1997), arose out of a bankruptcy proceeding. But here, the Court sits in diversity and applies Illinois law. *Hakim*, 79 F.4th at 873. Accordingly, Domantas' analysis is poisoned by an incorrect standard.

As Menard pointed out before, under Illinois law, an award of damages "will be deemed excessive if it falls outside the range of fair and reasonable compensation or results from passion or prejudice, or if it is so large that it shocks the judicial conscience." *Best v. Taylor Mach. Works, et al.*, 179 Ill. 2d 367, 412 (1997). An award must fall within the "flexible range of conclusions which can reasonably be supported by the facts . . . ." *Id.* The evidence must therefore show a basis for the computation of damages with a fair degree of probability. *Medcom Holding Co. v. Baxter Travenol Lab'ys, Inc.*, 106 F.3d 1388, 1398 (7th Cir. 1997) (applying Illinois law). Remittitur should be considered on a case-by-case basis, since the evidence and circumstances supporting verdicts must be carefully examined before a jury's assessment of damages is reduced. *Best*, 179

Ill. 2d at 413. Illinois courts traditionally refuse to consider comparable cases in determining whether remittitur is appropriate. *Richardson v. Chapman*, 175 Ill. 2d 98, 114 (1997).

When the correct standard is applied, it is clear the jury's verdict was excessive. The parties stipulated that Domantas' medical bills were a mere $6,185.79. (Dkt. # 136, p. 2). Domantas' injury (a left elbow fracture) was so minor that it completely healed in two months at a maximum, and she only needed a cast for *one day*. *Id.* Domantas did not claim lost wages. There was no evidence of future medical treatment allowed into evidence. At trial, all she had to say on the matter was that she 'couldn't look at her elbows the same.' The jury's award of $114,000 on this record is therefore divorced from the facts, leaving it excessive as a matter of law. Remittitur should follow.

Domantas does not offer any substantive counterargument. Instead, she shifts the subject to whether the jury's award suffices under the inapplicable *Federal* "irrational" and "monstrously excessive" standards. To that end, Domantas examines "comparable" cases—even though she acknowledges Illinois courts "have traditionally declined to make such comparisons in determining whether a particular award is excessive." (Dkt. # 163, p. 24). While it may be appropriate under *Federal* law to look to other cases as a guide, Illinois law does not permit that. *Richardson*, 175 Ill. 2d at 114. Therefore, Domantas' discourse on other cases is irrelevant. Nor does Menard need to prove that the jury's award is "irrational" or "monstrously excessive"—only that it lacks a basis in the record. *See Best*, 179 Ill. 2d at 412.

In the end, the jury's $114,000 verdict on a case with $6,185.79 in medical special damages, no permanency of injury, and a lack of pain and suffering is excessive. The Court should therefore grant Menard remittitur.

## CONCLUSION

For the reasons stated above, the Court should vacate the jury's verdict and grant Menard a new trial. In the alternative, the Court should grant Menard a remittitur.

DATED: August 26, 2024

Respectfully submitted,

**MENARD, INC.**

By: */s/ Joseph S. Davidson*

W. Anthony Andrews
Joseph S. Davidson
Ottosen DiNolfo Hasenbalg & Castaldo, Ltd.
1804 N. Naper Blvd.
Suite 350
Naperville, IL 60563
(630) 682-0085
wandrews@ottosenlaw.com
jdavidson@ottosenlaw.com